534 So.2d 467 (1988)
STATE of Louisiana
v.
John L. DASSAU.
No. 88-KA-48.
Court of Appeal of Louisiana, Fifth Circuit.
October 24, 1988.
John L. Dassau, New Orleans, in pro per.
Louise Korns (of Counsel), Dorothy Pendergast, Asst. Dist. Atty., Research & Appeals, Gretna, for State.
Before CHEHARDY, BOWES and GRISBAUM, JJ.
BOWES, Judge.
The defendant, John Dassau, was charged with violation of LSA-R.S. 14:62.2 Simple Burglary of an Inhabited Dwelling. He ultimately pled guilty to a violation of LSA-R.S. 14:62Simple Burglary. On January 11, 1984, after receiving the pre-sentence investigation report, the trial court sentenced the defendant to serve eight years at hard labor. The sentence was suspended and the defendant placed on active probation for a term of three years with the special provisions that he pay a $500.00 fine, $25.00 clerk's fee, $12.50 sheriff's cost, $10.00 IDB fee, $50.00 victim fee, and a $30.00 off-duty deputy fee. The pay schedule was to be set up by the probation department. The defendant was also ordered to make restitution, the amount to be determined by the probation department.
*468 On September 22, 1987, the defendant was arrested for disturbing the peace and being a convicted felon in possession of a firearm. As a result, a rule to revoke probation was filed on December 22, 1986. A summons was issued on January 5, 1987, and a hearing was set for January 7, 1987. Domiciliary service on defendant's mother was made on January 6, 1987; when the defendant did not appear on January 7, 1987, the hearing was continued until February 4, 1987. Domiciliary service was again made on defendant's mother on January 13, 1987. On February 4, 1987, after a hearing at which defendant was present, probation was revoked and the defendant was sentenced to serve eight years at hard labor. On September 24, 1987, the defendant filed a pro se motion for correction of illegal sentence in which he argued that his parole revocation was illegal because it was untimely. That motion was denied by the trial court on October 2, 1987. The defendant applied to this Court for a Writ of Certiorari. That request was granted and this Court ordered the record lodged as an appeal. Also, pursuant to this Court's order, a hearing was conducted in the trial court to establish that the defendant knowingly and voluntarily waived his right to counsel on appeal.
Although no formal assignments of error were filed as required by LSA C.Cr.P. art. 844, because of the pro se nature of this appeal, the arguments presented in defendant's brief were summarized and will be addressed below.
The defendant's arguments are based on two issueslack of personal service and timeliness.
Addressing the timeliness first, we find defendant's argument without merit. The defendant is correct that the hearing to revoke his probation was held on February 4, 1987, twenty-five days after January 11, 1987, the date that his probationary period would have expired if the time had not been interrupted. However, in the instant case, a rule to revoke probation, which included a show cause order, was filed against the defendant on December 22, 1986. Such a rule has been deemed to be equivalent to a summons. State v. Broussard, 408 So.2d 909 (La.1981). The rule/summons was issued on January 5, 1987. Both of these events occurred prior to the January 11, 1987 date on which defendant's probation was due to expire. LSA-C.Cr.P. art. 899 states in pertinent part:
Art. 899. Arrest or summons for violation of probation
A. At any time during probation and suspension of sentence the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation, or may issue a summons to appear to answer to a charge of violation or threatened violation.
. . . . .
D. When a warrant for a defendant's arrest or a summons for defendant's appearance is issued under Paragraph A or a detainer is issued under Paragraph B of this Article, the running of the period of probation shall cease as of the time the warrant, summons, or detainer is issued.
Under the current law, the mere issuance of the order to show causenot the serviceceases the running of the period of probation. Thus, in this case, either the filing of the rule to revoke and/or issuance of the show cause order was sufficient to interrupt the running of time on defendant's probation, making his claim as to timeliness without merit.
Defendant also claims that the lack of personal service is fatal to his probation revocation. The second paragraph of LSA-C.Cr.P. art. 899(A) states in pertinent part:
"The summons shall be personally served upon the defendant."
Here, although the defendant was served twice, it was by way of domiciliary service with his mother signing for it. However, the defendant was certainly aware of the service since he did, in fact, appear for the second scheduled hearing on February 4, 1987.
The Louisiana Supreme Court in State v. Davis, 375 So.2d 69 (La. 1979) has required strict compliance with the due process standards set by the United States Supreme *469 Court before a defendant's probation may be revoked:
In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Supreme Court adapted the minimum requirements of due process that Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), held applicable to parole revocation hearings, and applied them to probation revocation hearings. As established by the Court, these minimum requirements of due process are:
"(a) Written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." 411 U.S. at 786, 93 S.Ct. at 1761.
Here, all requirements set by the highest courts of this state and the United States were met at the hearing held on February 4, 1987. Consequently, we find that the defendant did actually receive notice of the hearing and, by his appearance at court, waived the requirement that the summons be served on him personally.
However, from our review of the record, we find an illegal sentence was imposed. As a condition of probation, the judge ordered that the defendant make restitution, the amount to be determined by the probation department. The statutory authorization for the ordering of restitution as a condition of probation requires the amount thereof to be determined by the court. LSA-C.Cr.P. art. 895(A)(7) and 895.1(A) State v. Toups, 499 So.2d 1149 (La. App. 5 Cir.1986). When the restitution is ordered in an amount to be determined by the probation department that portion of the sentence is considered illegal. State v. Hardy, 432 So.2d 865 (La. 1983). Consequently, we must vacate that condition of probation which ordered that the amount of restitution be set by the probation department. This finding does not affect our holding that the probation was properly revoked.
We also reviewed the record for any errors patent. Our review disclosed one patent error, but it is not reversible error. The minute entry, the transcript and the commitment all fail to show that the defendant was given credit for time served. LSA-C.Cr.P. art. 880 requires a court, when imposing sentence, to give a defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. This makes it necessary for us to order that the commitment and minute entry be amended to give the defendant credit for time served.
Accordingly, we find that the trial judge acted correctly and did not abuse his discretion in revoking the defendant's probation. Therefore, we affirm the revocation, but the sentence is amended so as to delete the requirement that the defendant pay restitution.
PROBATION REVOCATION AFFIRMED, ORIGINAL SENTENCE AMENDED, AND, AS AMENDED, AFFIRMED.