570 So.2d 215 (1990)
STATE of Louisiana
v.
Michael E. ARCENEAUX.
No. 90-KA-379.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
John M. Mamoulides, Dist. Atty., John J. Molaison, Jr., Dorothy A. Pendergast, Asst. Dist. Attys., 24th Judicial Dist, Jefferson Parish, Gretna, for State.
Martha E. Sassone, 24th Judicial Dist, Indigent Defender Bd., Gretna, for Arceneaux.
Before KLIEBERT, BOWES and WICKER, JJ.
WICKER, Judge.
Michael Arceneaux appeals the revocation of his probation. We vacate his sentence and reverse the revocation.
Arceneaux pled guilty to two counts of theft under $100.00, violations of R.S. 14:67. The judge sentenced him to six months' imprisonment on each count to be served consecutively, suspended, and placed him on one year's active probation with the special condition of restitution to the victims. The judge ordered the probation and parole office to determine the amount of restitution.
Arceneaux was sentenced on March 10, 1988; and on February 11, 1989, the court issued a warrant for his arrest, alleging he had absconded from probation supervision on the date of his sentencing. Arceneaux was arrested, and the probation and parole office filed a rule to revoke his probation. The officer did not execute an affidavit.
At the hearing on the revocation, Arceneaux's probation officer testified that he had violated several conditions of his probation.
He has not reported as directed. He has not made me aware of his home address so therefore I am unable to visit him at home. I have no proof of any occupation nor has [h]e made restitution to the victims. He has not gotten my permission to leave the jurisdiction or to leave his residence of record nor has he submitted monthly reports to our office.
Arceneaux was being held in Orleans Parish Prison awaiting trial on other charges at the time of his hearing.
La.C.Cr.P. art. 202 requires that an arrest warrant be supported by an affidavit of the complainant, in this case the probation officer. A warrant which is not supported by an affidavit is improperly issued. State v. Davis, 562 So.2d 936 (La.App. 5th Cir.1990). We hold that Arceneaux's probation revocation was improperly instituted and must be reversed.
La.C.Cr.P. art. 895 A allows the judge to impose conditions of probation, including restitution. He may not legally delegate that authority to the probation *216 and parole office; and if he does, the sentence of probation is illegal. State v. Dassau, 534 So.2d 467 (La.1988); State v. Robert, 518 So.2d 1169 (La.App. 5th Cir.1988). We therefore also vacate Arceneaux's illegal sentence.
SENTENCE VACATED AND REVOCATION REVERSED.