578 So.2d 571 (1991)
STATE of Louisiana
v.
Joseph ABSENT.
No. 90-KA-764.
Court of Appeal of Louisiana, Fifth Circuit.
April 17, 1991.
Rehearing Denied May 17, 1991.
*572 John M. Mamoulides, Ronald Gracianette, Dorothy A. Pendergast, Dist. Attys. Office, 24th Judicial Dist., Gretna, for plaintiff, appellee.
Bruce G. Whittaker, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant, appellant.
Before KLIEBERT, BOWES and WICKER, JJ.
WICKER, Judge.
The defendant, Joseph Absent, appeals the revocation of his probation. He claims that the proceeding lacked the necessary, properly confected affidavits. We vacate his sentence and reverse the revocation.
Absent was charged with theft of property valued at $110.00 (La.R.S. 14:67) and aggravated battery (La.R.S. 14:34). He changed his original plea of not guilty to guilty when the state amended the bill of information to lower the charges to attempted theft of property valued at less than $99.00 (La.R.S. 14:27, 14:67) and simple battery (La.R.S. 14:35). The judge sentenced Absent to ninety-one days in the parish prison, but he suspended the sentence and placed Absent on active probation for twelve months. The conditions of that probation were payment of a fine and court costs, payment of a monthly probation fee, obtaining of a GED, community service work, restitution to the victim, refraining from criminal conduct, supporting defendants, etc. The judge himself imposed some of the conditions: the probation fee, fine, court costs, GED enrollment, community service, and restitution. Other conditions, reporting to his probation officer, filing reports, keeping the probation officer advised of his whereabouts, and supporting dependents, were imposed by the probation department. The amount of restitution was determined, not by the judge, but by the probation department. The judge ordered Absent to return to court with proof of compliance in May of 1989, but we cannot tell from the record if this hearing ever took place.
*573 Debbie Livingston, Absent's probation officer, filed a rule to revoke his probation, unsupported by an affidavit. Absent was not served with the rule and did not appear at the revocation hearing on December 15, 1989. His attorney was present, however. The judge then issued an attachment for Absent's arrest.
Livingston later instituted another revocation proceeding, this time based upon her affidavit alleging, "The subject [Absent] failed to appear in court on 12-15-89 for a Revocation Hearing on Conditions # 2, 3, 7, 10, 11, and 13." The judge then issued a warrant for Absent's arrest; and the rule to revoke probation was heard on February 16, 1990, with Absent and Livingston present to testify.
Livingston claimed Absent failed to fulfill several conditions: he failed to support his dependents, report to his probation officer, pay restitution, submit monthly reports, pay court costs and fines, obtain a GED, and pay the probation fee. The judge heard Absent's defense and concluded,
[T]he Court is certainly not going to revoke his probation because of his inability to pay.... The Court is going to revoke his probation primarily because of his failure to report to his probation officer on a regular basis and to file the reports and to keep his probation officer advised of his whereabouts.
The judge then revoked Absent's probation and imposed the original sentence for his violation of conditions of probation which had been imposed by the probation department.
La.C.Cr.P. art. 895 A allows the judge to impose conditions of probation, including restitution. He may not legally delegate that authority to the probation and parole office; and if he does, the sentence of probation is illegal. State v. Arceneaux, 570 So.2d 215 (La.App. 5th Cir. 1990); State v. Dassau, 534 So.2d 467 (La. App. 5th Cir.1988). We therefore vacate Absent's illegal sentence.
The first rule to revoke Absent's probation, which was unsupported by Livingston's affidavit, was improperly instituted. La.C.Cr.P. art. 202 requires that an arrest warrant be supported by an affidavit of the complainant, in this case the probation officer. A warrant which is not supported by an affidavit is improperly issued. State v. Arceneaux, supra; State v. Davis, 562 So.2d 936 (La.App. 5th Cir.1990).
The second rule to revoke was supported by an affidavit, but the thrust of the complaint against Absent was that he failed to appear at the first revocation hearing. Thus, this affidavit was an accusation of an "offense" which was not an offense: failure to appear at an improperly instituted revocation hearing of which Absent also had no notice. See Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); State v. Davis, 375 So.2d 69 (La.1979).
We believe that the proceedings resulting in the revocation of Absent's probation lacked minimum due process standards of notice and the right to be informed of the charges against him, the opportunity to be heard, and the right to confront witnesses. Gagnon v. Scarpelli, supra; State v. Harris, 312 So.2d 643 (La.1975). We therefore reverse the revocation of his probation.
SENTENCE VACATED AND REVOCATION REVERSED.