PER CURIAM.
The defendant, George Scott Fitzner, has appealed and applied for supervisory writs regarding the revocation of his probation for failure to comply with conditions never imposed by the court. He particularly argues the trial judge’s revocation on the basis he did not make regular reports to his probation officer was erroneous. The state concedes. We agree.
At the outset we note that we treat these consolidated matters as an application for supervisory writs in the interest of judicial economy since “the defendant has no right to appeal his probation revocation[.]” State v. Johnson, 592 So.2d 821, 822 (La. App. 5th Cir.1991), writ denied, 592 So.2d 1337 (La.1992).
The state concedes that the facts in the instant case are similar to those in State v. Absent, 578 So.2d 571 (La.App. 5th Cir. 1991), writ denied, 584 So.2d 1166 (La. 1991).
In the instant case, as in Absent, the trial judge revoked probation inter alia on the basis the defendant failed to report to his probation officer and file reports on a regular basis. This court held at 573:
La.C.Cr.P. art. 895 A allows the judge to impose conditions of probation, including restitution. He may not legally delegate that authority to the probation and parole office; and if he does, the sentence of probation is illegal, [citations omitted].
The only conditions imposed by the trial judge were the payment of various costs and fees and the requirement the defendant continue treatment with the center at which he was currently enrolled. The trial judge stated he was not revoking probation for failure to pay costs and fees but rather for failure to report to the probation officer. This condition was never imposed by the trial judge.
Accordingly, for the reasons stated, the defendant’s probation revocation is set aside and the case is remanded for further proceedings.

WRIT GRANTED; PROBATION REVOCATION ANNULLED, SET ASIDE AND CASE REMANDED.