KLIEBERT, Chief Judge.
The defendant, Duvell London, challenges the revocation of his probation. On the defendant’s application, we previously granted a writ of review in this case. We now set aside the revocation of the defendant’s probation.
The state originally charged the defendant with distribution of cocaine in violation of La.-R.S. 40:967 A. At arraignment, the defendant entered a plea of guilty to the charge, after being advised of his constitutional rights and waiving them. On April 4, 1991, the trial court sentenced the defendant to serve five years at hard labor, but suspended that and placed the defendant on active probation for two years. Among the conditions imposed for the defendant’s probation, the trial court ordered the defendant to obey a nightly curfew from 10:00 P.M. until 6:00 A.M.
On May 29, 1991, the St. Charles Parish Sheriff’s Office forwarded to the trial judge an incident report containing a detective’s unsworn statement about his observance of the defendant violating the curfew imposed as a probationary condition. According to that statement, the detective saw the defendant standing outside a nightclub in St. Charles Parish at 1:11 A.M. on May 12, 1991. The statement further recites that the detective approached and confirmed the defendant’s identity in a conversation during which the defendant admitted the curfew violation. On receiving that incident report and statement, the trial judge issued an order commencing revocation proceedings against the defendant. After a hearing on October 9, 1991, the trial judge revoked the defendant’s probation and ordered the original sentence of five years at hard labor be made executory.
A probation revocation proceeding may be instituted by either the issuance of a warrant for the defendant’s arrest for the violation of any of the probationary conditions or the issuance of a summons instructing the defendant to appear and answer a charge of violation or threatened violation. La.-C.Cr.P. Article 899 A. Under La.-C.Cr.P. Article 202, a warrant must be supported by an affidavit from a complainant and is improperly issued if it is not. La.-C.Cr.P. Article 385 requires an affidavit to be executed under oath. La.C.Cr.P. Article 209 authorizes a summons to be used instead of a warrant, provided the requirements of La.-C.Cr.P. Article 202 are met. Thus, a summons which lacks a supporting affidavit is improperly issued and cannot be used to institute a proceeding to revoke probation. State v. Davis, 562 So.2d 936 (5th Cir.1990).
In this case, the revocation proceeding was instituted by an order of the trial court which provided:
“Let the matter be considered on May 28, 1991 at 10:00 a.m. The defendant is to appear in open court.”
Attached to that order was a copy of the incident report containing the detective’s statement about the defendant’s alleged curfew violation. According to the clerk of court’s certificate, a copy of the court order was mailed to the indigent defendant attorney who previously represented the defendant when he appeared for arraignment and pled guilty.
Two defects exist with respect to the institution of these revocation proceedings. First, the order issued by the court to commence these proceedings constituted neither a warrant nor a summons as required by La.-C.Cr.P. Article 899 A. In State v. Broussard, 408 So.2d 909, 910 *623 (La. 1981), the Louisiana Supreme Court noted that a rule to revoke probation containing a court order for the defendant to appear and show cause why his probation should not be revoked amounts to a summons to appear and answer charges of parole violation, thereby complying with Article 899 A. See also, State v. Dassau, 534 So.2d 467 (5th Cir.1988). However, the order issued by the court in this case directed that the “matter be considered” on a certain date and that the defendant appear in open court at that time. The order makes no reference to revocation of the defendant’s probation. We conclude that the court order commencing the revocation proceedings against the defendant was not sufficient to constitute a summons under La.-C.Cr.P. Article 899 A.
Additionally, the police incident report containing the detective’s statement was not executed under oath and did not constitute an affidavit. La.-C.Cr.P. Article 385. The court order commencing the revocation proceedings in this case was therefore further defective because it was not supported by an affidavit, as required by La.-C.Cr.P. Article 202. Accordingly, we conclude that the defendant’s probation revocation was improperly instituted and must be set aside. State v. Forest, 571 So.2d 893 (5th Cir.1990).
We therefore set aside the probation revocation of defendant.
PROBATION REVOCATION SET ASIDE AND REMANDED.