WICKER, Judge.
The defendant, Evelyn Craft a/k/a Evelyn Guillard (Craft), appeals a commitment revoking her probation on the grounds that the basis for the revocation were conditions which were never imposed nor explained to her. We agree. In the interest of judicial economy we treat this matter as an application for supervisory writs. See State v. Johnson, 592 So.2d 821 (La.App. 5th Cir. 1991, writ denied, 592 So.2d 1337 (La.1992).
Craft pled guilty to La.R.S. 40:967(A) Distribution of a Controlled Dangerous Substance, to wit: Cocaine on October 23, 1989. A five-year sentence at hard labor was suspended and she was placed on active probation.
After the trial judge accepted her plea on October 23, 1989 he stated:
The Court sentences you to five years at hard labor and the Court will suspend that sentence and place you on five years active probation and order you to pay a $15.00 per month probation administration fee and order you to pay court costs, including a $50.00 law enforcement fee.
The Court will grant you 60 days in which to pay the costs.
No further conditions of probation were explained to her on that date. The trial judge signed a commitment on the same date which only contained the following special conditions of probation:
The court ordered the defendant to pay $25.00 clerks cost, $12.50 Sheriff Cost, $17.50 indigent cost, $50.00 deputy cost, $10.00 District Attorney’s cost, $10.00 coroner cost, $100.00 victim cost. The court ordered that the defendant pay $50.00 law enforcement fee. The court granted the defendant sixty (60) days to pay the cost. The defendant must pay $15.00 per month to probation officer.
On December 5, 1990 the trial judge dismissed a rule to revoke probation on the basis the rule was withdrawn by the probation department. There was no hearing on a rule to revoke probation that date. On De *524 cember 18,1992 a hearing on a rule to revoke probation was heard. This is the hearing which resulted in defendant’s probation being revoked on December 18, 1992.
The probation officer, Leslie Williams, testified the defendant violated “Condition Number One” in that she did not “refrain from criminal conduct.” She stated the defendant had two outstanding warrants and violated her probation. No dates for these reported alleged crimes were given.
Williams also stated the defendant also violated probation by failing to report to her “probation officer as directed” and has not reported since August 20, 1991; by failing to give a new address; by failing to maintain employment; by failing to pay the fine and court costs, and by being in arrears for the supervision fee in the amount of $230.00 since December 1991.
Although Williams testified the trial judge went over the probation rules with the defendant on December 5,1990 there is nothing in the transcript taken that date indicating this was done.
The trial judge stated:
The Court is not revoking the defendant for monetary reasons, but just for failure to comply with reporting and giving her current address and so forth.
In State v. Absent, 578 So.2d 571 (La.App. 5th Cir.1991), writ denied, 584 So.2d 1166 (La.1991) we held at 573:
La.C.Cr.P. art. 895 A allows the judge to impose conditions of probation, including restitution. He may not legally delegate that authority to the probation and parole office; and if he does, the sentence of probation is illegal.
In the instant case the only conditions imposed by the trial judge were the imposition of various costs and fees. However, the trial judge stated he was not revoking probation “for monetary reasons” but instead for reasons which had actually been imposed by the probation officer and not the trial judge. Accord State v. Fitzner, 615 So.2d 1344 (La. App. 5th Cir.1993).
Accordingly, the defendant’s probation revocation is annulled and set aside and this case is remanded for further proceedings.

WRIT GRANTED; PROBATION REVOCATION ANNULLED, SET ASIDE AND CASE REMANDED.