1CANNELLA Judge.
Defendant, Troy Abadie, is before this court as a result of a ruling by the district court which revoked his probation and made his three year prison term executory. For the reasons which follow, we vacate the lower court ruling and remand.
Defendant was originally charged by bill of information with the offense of simple burglary of an inhabited dwelling, La.R.S. 14:62.2. As a result of a plea agreement, on December 3, 1991, defendant pled guilty to the lesser offense of simple burglary, La.R.S. 14:62. He was sentenced to three years at hard labor. Execution of the sentence was suspended and defendant was placed on active probation for three years, with special conditions of probation imposed. Two conditions are pertinent to the case herein, that defendant “make restitution to the victim” and that he “undergo substance abuse and/or alcohol treatment as deemed necessary by his probation officer.” Thereafter, on December 9, 1992, a Rule To Revoke Probation was filed. The probation officer. asserted seven grounds to support the revocation, including failure to make restitution and failure to seek drug and ^alcohol rehabilitation.[1] On May 14,1993, after hearing on the rule to revoke, the trial court revoked defendant’s probation upon finding that defendant had failed to make restitution and failed to seek drug and alcohol rehabilitation treatment.
Defendant filed a writ application in this court seeking review of the judgment revoking his probation. On September 7, 1993, this court granted "writs and ordered the preparation and lodging of the record and docketing of the case in accordance with established appellate procedure.
In brief to this court defendant argues that the trial court erred in revoking his probation. His arguments are two-fold. First, he argues that the imposed condition that he make restitution, without the court setting the amount of the restitution is invalid and cannot form the basis for a revocation. Second, he argues that the condition that he seek drug and alcohol treatment as deemed necessary by his probation officer is an improper delegation of judicial function and also cannot support the probation revocation.
The state’s response brief concedes that defendant’s probation was improperly revoked, although the state’s concession is based on different reasons than those urged by defendant in his second argument. Concerning defendant’s second argument, the state notes that the record is void of any evidence that the probation officer ever required defendant to get drug and alcohol treatment and therefore the record cannot support the probation revocation. Thus, consideration of defendant’s argument is preter-mitted. We agree with the state on both arguments.
Concerning defendant’s first argument, in State v. Dassau, 534 So.2d 467 (La.App. 5th Cir.1988) we found that the statutory authorization for the ordering of restitution as a condition of probation requires the amount thereof to be determined by the court. Here, the trial court did not set the amount of restitution. In the absence of such a determination, that condition of probation cannot serve as grounds for the revocation of the probation. State v. Absent, 578 So.2d 571 (La.App. 5th Cir.1991). *976 Therefore, the failure to make restitution cannot be used to support the probation revocation.
Concerning defendant’s second argument, even if we assume that the trial court acted properly in allowing the probation officer to determine whether drug and alcohol treatment was necessary, a review of the record does in fact indicate that there is no evidence that the probation officer ever informed defendant that he must undergo such treatment. Absent such proof, the fact that defendant failed to obtain drug and alcohol treatment cannot form the basis of the probation revocation.
Accordingly, for the reasons stated above, the ruling of the trial court revoking defendant’s probation is vacated and the case is remanded to the district court.

REVERSED AND REMANDED.

. The other grounds asserted in the rule to revoke were: 1) failing to report to the probation officer as directed; 2) failing to permit the officer to visit; 3) failing to get permission before any change in address; 4) failing to make monthly reports; 5) failing to pay $20.00 per month supervision fee. Since these were not the grounds which the trial court used in revoking the probation, they are not relevant to our consideration herein.