IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51160
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RENE LUJAN LAREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-00-CR-148-ALL
--------------------
August 15, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Rene Lujan Larez ("Larez") appeals his guilty-plea
conviction for possession of cocaine.  Larez's plea agreement
preserved his right to appeal the district court's denial of his
motion to suppress his confession to ownership of cocaine found
in a search of his mother's house; the seizure and confession
followed an earlier traffic stop of Larez which the district
court deemed illegal.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Because Larez failed to object to the magistrate judge's report and recommendation on the motion to suppress, review is for plain error.  See See United States v. Francis, 183 F.3d 450, 452 (5th Cir. 1999) (applying plain-error review when Government failed to file objection to magistrate judge's recommendation on suppression issue); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (failure to object to report and recommendation results in plain error review of both factual findings and legal conclusions).  Further, the district court did not err in denying a second motion to suppress because the issues asserted had been raised and rejected in accordance with the parties' agreement at the suppression hearing on Larez's first motion.

There was no error, plain or otherwise, in the district court's determination, based on uncontradicted testimony which the court found credible, that Larez's confession to ownership of the cocaine in his mother's house was admissible because the causal connection between the illegal stop and the later confession had been broken.  See United States v. Miller, 608 F.2d 1089, 1102-03 (5th Cir. 1979).  The record is devoid of evidence that Larez's confession was coerced or was other than a voluntary act of free will.

AFFIRMED.