United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-50268
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL BRENNAND SEELEY,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:

Michael Brennand Seeley appeals his convictions at a bench trial for importing marijuana into the United States and for possessing marihuana with intent to distribute. Because his notice of appeal was filed within ten days after the district court reentered the criminal judgment, this court has jurisdiction over the appeal. *Cf. United States v. West*, 240 F.3d 456, 458-59 (5th Cir. 2001).

Seeley contends that the district court erred in denying his motion to suppress. Because he did not object to the magistrate

judge's report recommending that the motion be denied, this court reviews for plain error. *See United States v. Francis*, 183 F.3d 450, 452 (5th Cir. 1999). Seeley has not appealed the district court's conclusion that the stop of the car was supported by reasonable suspicion and that his post-arrest statements were admissible, and any such claims are deemed abandoned. *See Yohey v. collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Seeley has not established that there was plain error in the holding that he lacked standing to challenge the search of the rental car, as he (the sole occupant of the car) was not the renter or an authorized driver. *See United States v. Boruff*, 909 F.2d 111, 117 (5th Cir. 1990). *See also, e.g., United States v. Riazco*, 91 F.3d 752, 754-55 (5th Cir. 1996); *United States v. Wellons*, 3 F.3d 117 (4th Cir. 1994); *United States v. Obregon*, 748 F.2d 1371, 1374-75 (10th Cir. 1984).[1] Seeley also has not established that the district court plainly erred in concluding that his prearrest statements were admissible as a response to a question by the stopping officer "confirming or dispelling the officer's suspicions." *Berkemer v.*

---

[1] *United States v. Kye Soo Lee*, 898 F.2d 1034 (5th Cir. 1990) (not cited by either party) is not controlling here because it neither reflects nor addresses the terms of the truck rental agreement. Here Seeley had nothing to do with the rental, never presented his driver's license (or name) to Alamo (the rental company) and was merely given the keys by his friend just after the friend rented the car from Alamo, the friend not intending to use the car but simply, at Seeley's request, renting it for Seeley because Seeley did not have an appropriate credit card, and the rental agreement provides "no additional renters are authorized to drive the vehicle."

*McCarty*, 468 U.S. 420, 439-40 (1984).

Seeley also challenges the sufficiency of the evidence supporting his drug convictions. With respect to his importation conviction, the evidence established that Seeley's car was seen in various locations near the border, and Seeley admitted to having been in Mexico earlier in the evening. *See United States v. Moreno*, 185 F.3d 465, 471 (5th Cir. 1999). The 59.8 pounds of marihuana found in Seeley's car were sufficient to support a finding of an intent to distribute. *See United States v. Williams-Hendricks*, 805 F.2d 496, 501-02 (5th Cir. 1986). After reviewing the evidence presented and the arguments of the parties, we hold that "the trial judge, as the trier of fact, [could conclude] beyond a reasonable doubt that the defendant is guilty." *United States v. Mathes*, 151 F.3d 251, 252 (5th Cir. 1998). Consequently, the judgment of the district court is

AFFIRMED.