**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-30920
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ASIKA M NWEKE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CR-50099-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Asika M. Nweke appeals his conviction on 11 of 12 counts of selling counterfeit merchandise in violation of 18 U.S.C. § 2320. For the reasons set forth below, we affirm the trial court's judgment.

Two Immigration and Custom Enforcement agents entered Nweke's retail booth after being tipped off that counterfeit merchandise was being sold. The agents discovered counterfeit merchandise for sale, and they seized it.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nweke filed a motion to suppress, arguing that the agents violated his right to be free from unreasonable searches and seizures by entering his store and seizing his merchandise without consent or a warrant. He argued that the seizure was governed by 19 U.S.C. § 1959 and was unlawful since no warrant was issued until after the seizure transpired. The Government responded that the seizure was lawful because the items were available for sale, in plain sight.

The district court held a hearing on the motion. The parties briefed their positions on the suppression issue, and the magistrate judge recommended that the district court deny the motion under the plain view doctrine. Neither party objected to the magistrate judge's recommendation, and the district court denied Nweke's motion. A jury convicted Nweke on 11 of the 12 counts with which he was charged.

Nweke now argues that the district court erred in denying his motion to suppress. Because he did not object to the magistrate judge's report and recommendation, we review the denial of the motion to suppress for plain error. *See United States v. Seeley*, 331 F.3d 471, 471 (5th Cir. 2003). To show plain error, Nweke must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

"The plain view doctrine will support a warrantless seizure if: (1) the officer was lawfully in the position from which the object was plainly seen; (2) the object was in plain view; (3) the object's incriminating nature was immediately apparent; and (4) the officer had a lawful right of access to the object itself." *Waltman v. Payne*, 535 F.3d 342, 347 (5th Cir. 2008). "[T]he incriminating nature of an object is immediately apparent if the officers had probable cause to believe that the object was contraband or evidence of a crime." *Id.*

The agents involved in the seizure of Nweke's goods were lawfully in the booth area where the goods were on display to the public. The agents testified at the suppression hearing that, based on their experience and training, the

2

counterfeit nature of the merchandise was immediately apparent to them. The district court concurred with the magistrate judge's finding that, when considered in combination with the agents' experience and training, "the merchandise's counterfeit nature was immediately apparent." Nweke has not shown plain error in this credibility judgment. *See United States v. Botello*, 991 F.2d 189, 194 (5th Cir. 1993).

Nweke also argues that the evidence was insufficient to support his conviction because some of the counterfeit merchandise was of such inferior quality that it would not have been mistaken for genuine designer clothing. The elements the Government must prove to convict a defendant of violating § 2320 are that "(1) the defendant trafficked or attempted to traffic in goods or services; (2) such trafficking, or the attempt to traffic, was intentional; (3) the defendant used a counterfeit mark on or in connection with such goods or services; and (4) the defendant knew that the mark so used was counterfeit." *United States v. Hanafy*, 302 F.3d 485, 487 (5th Cir. 2002). "A counterfeit mark is defined as a spurious mark used in connection with trafficking that is identical or indistinguishable from a registered trademark and the use of which is likely to confuse, cause mistake, or deceive." *Id.* (internal quotation marks and citation omitted).

Nweke moved for a directed verdict at the close of the Government's case solely on the ground that the Government failed to prove beyond a reasonable doubt that he "knew or had any intent or knowledge that he was selling counterfeit clothes." The entire premise of Nweke's defense and his motion for directed verdict was that *he* believed the goods were authentic, which is inconsistent with his argument on appeal that the counterfeit merchandise could not have been mistaken for genuine designer clothing. Thus, he waived that objection, and our review is "limited to determining whether . . . the record is devoid of evidence pointing to guilt." *United States v. Herrera*, 313 F.3d 882, 884-85 (5th Cir. 2002).

Nweke testified that he inspected the clothing before selling it, he had no reason to believe the items were counterfeit, and that he was surprised to discover that the items were counterfeit. When directed to specific counterfeit items, Nweke asserted that it was not obvious to him that the items were counterfeit, explaining that he did not have the expertise of the government's witnesses.

Additionally, the Government presented an expert who testified to the deceptive nature of at least some of the goods. Nweke has failed to point out specifically any counts as to which the record is devoid of evidence to support the verdict. *See United States v. Avants*, 367 F.3d 433, 442-43 (5th Cir. 2004)(failure to adequately brief an issue waives that issue).

We conclude that the record is not devoid of evidence that Nweke's goods were likely to confuse, cause mistake, or deceive. The judgment of the district court is AFFIRMED.