WOLF, J.
Appellant pled nolo contendré to possession of a controlled substance with intent to sell, possession of marijuana with intent to sell, and two counts of possession of paraphernalia. He expressly reserved the right to appeal the denial of his dispositive motion to suppress items seized from the rental automobile that he was driving at the time of the search.
The sole issue we need to address is whether appellant, as the unauthorized driver of a rental car, had standing. We *16 find that he did not have standing under the facts in this case and affirm.

(1) Facts

The police pulled appellant over for traffic violations. He was the only occupant of the vehicle. The officer recognized the car as a rental, and he confirmed this when he ran the vehicle’s registration. The officer asked appellant for consent to search his person and the vehicle. Appellant denied consent. The officer then asked to see a copy of the rental agreement. The agreement stated that no other person was permitted to drive the car except the renter, Carl Brown. Carl Brown was appellant’s cousin, who testified he gave appellant permission to drive the car.
The officer then contacted the rental company, and the representative asked the officer to have the vehicle towed. The officer called a tow truck, and while he waited for it to arrive, he conducted an inventory search of the car and found marijuana, sandwich bags, and a scale.
Appellant moved to suppress the evidence found in the vehicle, arguing the inventory search was illegal. The trial court found appellant lacked a privacy interest because he was an unauthorized driver, and thus, he lacked standing to contest the search. Alternatively, the court found even if appellant had standing, the search was valid. It is unnecessary for us to address the legality of the inventory search because we determine appellant did not have standing to raise this issue.

(2) Privacy Interest of an Unauthorized Driver of a Rental Car

In order to claim that Fourth Amendment rights were violated, one must first establish a reasonable expectation of privacy to be free from a particular intrusion by the police. Shapiro v. State, 390 So.2d 344, 347 (Fla.1980) (citing United States v. Salvucci, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978)). “A reasonable expectation of privacy under a given set of circumstances depends not only upon one’s actual subjective expectation of privacy but also upon whether society is prepared to recognize this expectation as reasonable.” Id. (citing Smith v. Maryland, 442 U.S. 735, 99 S.Ct. 2577, 61 L.Ed.2d 220 (1979)).

a. Federal Circuits

Appellant correctly notes there is no Florida case that addresses the issue of whether the unauthorized driver of a rental car has a reasonable expectation of privacy, and thereby standing, to challenge a search of the rental car. He also correctly notes there is a three-way split among the federal courts.
The majority of the federal circuits that have ruled on this issue — the Third, Fourth, Fifth, and Tenth Circuits — have adopted a general “bright-line” rule that absent extraordinary circumstances, a driver of a rental car who is not authorized by the rental agreement has no reasonable expectation of privacy and thus no standing to challenge a search of the car. United States v. Kennedy, 638 F.3d 159, 164 (3d Cir.2011), cert. denied, — U.S. —, 132 S.Ct. 997, 181 L.Ed.2d 732 (2012); United States v. Wellons, 32 F.3d 117, 119 (4th Cir.1994); United States v. Seeley, 331 F.3d 471, 472 (5th Cir.2003); United States v. Roper, 918 F.2d 885, 887-88 (10th Cir.1990). We note the term “bright-line” rule seems to be a misnomer because generally a rule that has exceptions is not referred to as a bright-line rule. However, the Third Circuit in Kennedy clarified that there could be “extraordinary circumstances that might overcome the general rule.” Kennedy, 638 F.3d at 168.
A minority of the federal circuits — the Eighth and Ninth Circuits — have adopted *17 a “modification” of the majority bright-line rule that states an unauthorized driver has a reasonable expectation of privacy so long as the renter gave the driver permission, regardless of the fact that the rental agreement prohibited anyone other than the renter from driving the vehicle. United States v. Thomas, 447 F.3d 1191, 1198-99 (9th Cir.2006); United States v. Muhammad, 58 F.3d 353, 355 (8th Cir.1995).
Finally one circuit — the Sixth Circuit— applied a totality of the circumstances test to determine whether the unauthorized driver of a rental car has a reasonable expectation of privacy.* United States v. Smith, 263 F.3d 571 (6th Cir.2001). In Smith, the driver of the rental car was not listed on the rental agreement; however, his wife was, and she gave him permission to drive the car. Id. at 582. Further, the driver had called and reserved the vehicle in his own name, using his own credit card, and he was billed for the rental. Id. The Sixth Circuit found because the driver was the “de facto” renter and had a “business relationship with the rental company,” and because he was married to the renter who also gave him permission, he had a reasonable expectation of privacy and standing. Id. at 587. The court “acknowledge^ that as a general rule, an unauthorized driver of a rental vehicle does not have a legitimate expectation of privacy in the vehicle.” 263 F.3d at 586. However, the court determined the general rule did not apply in that case because the facts were “truly unique.” Id.

b. Analysis

We reject the reasoning of the Eighth and Ninth Circuits that found an unauthorized driver has a reasonable expectation of privacy so long as the renter gave the unauthorized driver permission, regardless of the fact that the rental agreement prohibited anyone other than the renter from driving the vehicle. The Eighth Circuit reached that conclusion relying on a line of eases that held permission from the owner of a car gives rise to an objectively reasonable expectation of privacy. Muhammad, 58 F.3d at 355 (citing United States v. Gomez, 16 F.3d 254, 256 (8th Cir.1994) (finding no expectation of privacy where the driver took the car without the owner’s permission); and United States v. Rose, 731 F.2d 1337, 1343 (8th Cir.1984) (finding a passenger had a reasonable expectation of privacy because the owner of the car loaned it to him, he drove the car regularly, he had control over the vehicle, and he had given permission to the woman driving the car)). We find the Eighth Circuit’s reliance on that line of cases is misplaced. If a car is owned by a rental company, and the rental company explicitly stated that only the renter was permitted to drive the car, then clearly the owner has not given permission to anyone but the renter.
The Ninth Circuit found an unauthorized driver of a rental car who had per *18 mission from the renter has a reasonable expectation of privacy by analogizing that situation to an authorized renter who committed a technical violation of the rental agreement by returning the car late, which courts have found does not destroy the authorized renter’s privacy interest. Thomas, 447 F.3d at 1198-99. The Thomas court relied on United States v. Cooper, 133 F.3d 1394, 1398-1402 (11th Cir.1998), in which the Eleventh Circuit held a defendant had standing to challenge the search of a rental car after the lease period expired. Id. However, we find the Ninth Circuit’s reliance on Cooper was misplaced. The Cooper court expressly stated that a renter who was still driving his rental car several days after it was due back was not analogous to an unauthorized driver. Cooper, 133 F.3d at 1400. The Cooper court reasoned that because the renter and the rental company were in “privity of contract,” the driver’s “expectation of privacy was materially different” than that of an unauthorized driver of a rental car. Id. We agree.
The mere fact that an unauthorized driver of a rental car obtained permission from the renter is insufficient, by itself, to create an objectively reasonable expectation of privacy.
Appellant asks this court to adopt the totality of the circumstances test as applied by the Sixth Circuit. However, we find it is unnecessary for this court to choose between the majority bright-line rule and the totality of the circumstances test. Under either one, appellant lacks standing. Clearly, appellant lacks standing under the majority bright-line rule, which states that absent extraordinary circumstances, a driver of a rental car who is not authorized by the rental agreement has no objectively reasonable expectation of privacy.
Appellant also/lacks standing under the totality-of-the-circumstances test applied by the Sixth Circuit. In Smith, the Sixth Circuit “acknowledge[d] that as a general' rule, an unauthorized driver of a rental vehicle does not have a legitimate expectation of privacy in the vehicle.” 263 F.3d at 586. The court determined that the general rule did not apply because the facts of that case were “truly unique.” Id. Although the court considered all of the surrounding circumstances, the court found the most significant was that the driver had a business relationship with the rental company. Id. Because the driver reserved the car in his own name, using his own credit card, and was billed for it, the court found he was the “de facto” renter. Id. at 582, 586. He was also married to the authorized renter. Id. The court reasoned his “business relationship with the rental company and his intimate relationship with his wife, the authorized driver of the vehicle, are relationships which are recognized by law and society.” Id. at 587. Thus, the court found the driver had a privacy interest and standing. Id.
Here, appellant had no business relationship with the rental company, nor was the renter his wife. In viewing the totality of the circumstances, the only relevant factor upon which appellant relies in asserting a privacy interest is the fact that the authorized renter gave him permission. However, as discussed above, we find that sole factor to .be insufficient.
In summation, we find the mere fact that an unauthorized driver of a rental car obtained permission from the renter is insufficient to create an objectively reasonable expectation of privacy. In so finding, we reject the minority approach adopted by the Eighth and Ninth Circuits. We decline to choose between the majority bright-line rule and the Sixth Circuit’s totality-of-the-circumstances test, because *19 we find that under either one, appellant lacks an objectively reasonable expectation of privacy.
We, therefore, AFFIRM.
VAN NORTWICK and CLARK, JJ., concur.

 It should be noted, appellant argues that the Fifth Circuit also adopted a totality of the circumstances test in United States v. Kye Soo Lee, 898 F.2d 1034 (5th Cir.1990). However, he misconstrues that case. In Kye Soo Lee, the Fifth Circuit found the driver and passenger of a rental truck that was rented by a third party had standing to challenge a search of the truck, relying on a series of cases that found one who borrows a car from another has standing. Id. at 1038. The court also found the non-present renter had standing, based on the totality of the circumstances. Id. Thus, the Kye Soo Lee court applied a totality of the circumstances test to the non-present renter, not the driver or passenger. Subsequently in Seeley, 331 F.3d at 472, the Fifth District applied the bright-line rule that a driver who is unauthorized under the rental agreement lacks standing. Seeley found that Kye Soo Lee "is not controlling” on this issue because that opinion did not address the terms of the truck rental agreement or whether the driver was authorized under that agreement.