# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10972
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

EUSTACIO SOTO, III, also known as Chito,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:17-CR-12-1

Before BARKSDALE, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eustacio Soto, III, was convicted of conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. He was sentenced, *inter alia*, to 188 months' imprisonment. Soto's claims concern the denial of his motion for a psychological evaluation, including an implicit request for a competency hearing.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10972

Under 18 U.S.C. § 4241, a district court must order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense".  18 U.S.C. § 4241(a).  Along that line, in deciding whether to order the hearing, the court also may order a psychological evaluation of defendant. 18 U.S.C. § 4241(b).

Whether reasonable cause exists to evaluate defendant's competency "is left to the sound discretion of the district court".  *United States v. Davis*, 61 F.3d 291, 304 (5th Cir. 1995).  Its decision is reviewed for abuse of that discretion.  *United States v. Messervey*, 317 F.3d 457, 463 (5th Cir. 2002).

Soto's contention that the court did not rule on his request for a competency hearing is belied by the record:  the court cited the 18 U.S.C. § 4241(a) standard in its ruling.  And, Soto's assertion that that court was required to grant his motion for a competency hearing because he presented good-faith grounds is unavailing, as that decision, as noted, is left to the discretion of the court.  *Messervey*, 317 F.3d at 463; *Davis*, 61 F.3d at 304.

In addition, Soto maintains the court abused its discretion in denying his motion for a psychological evaluation.  The medical evidence, however, did not show Soto might be suffering from a mental disease or defect.  Although counsel asserted Soto had difficulty grasping legal theories, there was no evidence Soto could not comprehend the nature and the consequences of the proceedings against him.

In the light of the evidence adduced at the hearing, the court did not abuse its discretion in denying Soto's request for a psychological evaluation and a competency hearing.  *E.g.*, *Messervey*, 317 F.3d at 463.

No. 17-10972

Soto claims the magistrate judge erroneously made a competency determination at the hearing on his motion for a psychological evaluation. Because he did not raise this issue in his objections to the magistrate judge's report and recommendation, review is only for plain error. *See United States v. Francis*, 183 F.3d 450, 452 (5th Cir. 1999). Under that standard, Soto must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The magistrate judge's report and recommendation and the district court order explained the court's discretion to order an evaluation and the 18 U.S.C. § 4241(a) standard for whether to grant a motion for a competency hearing. The court applied the correct standard in addressing Soto's motion for a psychological evaluation and did not make a competency determination in that regard. Thus, Soto has not shown the requisite plain error. *E.g.*, *Puckett*, 556 U.S. at 135.

AFFIRMED.