# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 27, 2019

Lyle W. Cayce
Clerk

No. 19-40094
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

NELSON REYNERO-SERNA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:18-CR-335-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Nelson Reynero-Serna entered a conditional guilty plea to conspiracy to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40094

transport aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (v)(I), and (II), reserving the right to appeal the adverse ruling on his motion to suppress. He appeals, claiming that the officer who initiated the traffic stop lacked reasonable suspicion that he had committed a violation under TEX. TRANSP. CODE ANN. § 545.363(a) and that no other exception to the warrant requirement of the Fourth Amendment justifies the initial stop.

Reynero-Serna failed to object to the magistrate judge's report recommending denial, which was adopted by the district court without a *de novo* review. Accordingly, we review for plain error only. *See United States v. Seeley*, 331 F.3d 471, 471 (5th Cir. 2003), *abrogated on other grounds by Byrd v. United States*, 138 S. Ct. 1518, 1531 (2018). To show plain error, Reynero-Serna must first establish a forfeited error that is clear or obvious. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The legality of a traffic stop is examined under the two-pronged analysis in *Terry v. Ohio,* 392 U.S. 1 (1968). *United States v. Brigham*, 382 F.3d 500, 506 (5th Cir. 2003) (en banc). This appeal focuses solely on the first *Terry* prong—whether the officer's decision to conduct a stop was justified at its inception. *See id.*

Texas law provides, "An operator may not drive so slowly as to impede the normal and reasonable movement of traffic, except when reduced speed is necessary for safe operation or in compliance with law." TEX. TRANSP. CODE ANN. § 545.363(a). "Driving at a speed that is less than the posted limit is not, by itself, sufficient for reasonable suspicion; a violation occurs only when the normal and reasonable movement of traffic is impeded." *Delafuente v. State*, 414 S.W.3d 173, 178 (Tex. Crim. App. 2013); *see also Richardson v. State*, 39 S.W.3d 634, 638−39 (Tex. App.—Amarillo 2000, no pet.).

2

No. 19-40094

Reynero's reliance on *Richardson* is misplaced because its circumstances are distinguishable for the reasons found by the district court.  Given the dearth of authority on whether a single vehicle constitutes traffic, *see United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015), the ambiguity in the statute, and the danger observed by the officer, the officer could have reasonably believed that he witnessed a violation of Section 545.363(a), *see Heien v. North Carolina*, 574 U.S. 54, 57, 65–66 (2014); *cf. United States v. Alvarado-Zarza*, 782 F.3d 246, 249–50 (5th Cir. 2015).

Accordingly, Reynero-Serna fails to show that the district court clearly or obviously erred in denying suppression.  *See Puckett*, 556 U.S. at 135; *United States v. Michelletti*, 13 F.3d 838, 841 (5th Cir. 1994) (en banc).  The judgment is therefore AFFIRMED.