**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Sherman L. WELLONS, Jr.,
Defendant–Appellant.**

**No. 92–5528.**

United States Court of Appeals,
Fourth Circuit.

Argued July 15, 1994.

Decided Aug. 12, 1994.

---

**118**

**ARGUED:** Matthew Anthony Victor, Charleston, WV, for appellant. R. Brandon Johnson, Asst. U.S. Atty., Charleston, WV, for appellee. **ON BRIEF:** Rebecca A. Betts, U.S. Atty., Charleston, WV, for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

Affirmed by published opinion. Judge RUSSELL wrote the opinion, in which Judge WIDENER and Judge HALL joined.

## OPINION

RUSSELL, Circuit Judge:

Appellant Sherman L. Wellons, Jr., was arrested following the discovery of drugs in a rental car which he was driving but for which he was not listed as an authorized driver. He was subsequently tried and convicted of conspiracy to distribute cocaine and heroin, possession with intent to distribute cocaine, and possession with intent to distribute heroin. Raising a Fourth Amendment challenge and an evidentiary challenge, he appeals.

On the morning of July 23, 1991, appellant, Lawrence Dixon and Antonio Johnson left Pittsburgh, Pennsylvania, in a Hertz rental car. Dixon had rented the car from Hertz Corporation and was the only authorized driver listed on the rental agreement.

The three individuals drove to Atlanta, Georgia, that day. The next morning, they began the return trip to Pittsburgh. Dixon and Johnson took an air flight which departed Atlanta at 6:30 a.m. Appellant departed in the rental car at approximately 6:00 a.m. with plans to drive straight to Pittsburgh.

At approximately 2:40 that afternoon, West Virginia State Trooper Donald Sizemore stopped appellant for exceeding the speed limit by travelling at 78 miles per hour on the West Virginia Turnpike near Ghent, West Virginia. The trooper asked appellant for his driver's license and the vehicle registration. Appellant produced his Pennsylvania driver's license and informed the trooper that the vehicle had been rented by Lawrence Dixon from Hertz Corporation. Appellant, however, could not locate the rental agreement. Instructing appellant to remain in the automobile, Trooper Sizemore filled out a speeding ticket and radioed his base. The trooper, by radio, asked that Hertz Corporation be contacted to verify appellant's claim. He also asked that another trooper with a drug-sniffing dog be sent to the scene.[1] Both these requests were complied with. The trooper soon learned that Hertz Corporation had confirmed that appellant was not listed as an authorized driver and

---

1. At the suppression hearing, Trooper Sizemore admitted: "I am not absolutely sure at what point—at what point I did call Trooper Lake to bring the dog down...." J.A. 94.

had requested that the trooper, therefore, impound the car.

When he had finished writing the speeding ticket, Trooper Sizemore returned to appellant and asked who had rented the car; appellant responded that Dixon had. The trooper then asked appellant for permission to search the vehicle. Appellant declined, stating as his reason that his father had been hospitalized the night before and that, as a consequence, he was pressed for time. At that juncture, Trooper Sizemore informed appellant that he would have to wait a few more minutes for the drug-sniffing dog to examine the automobile and its contents. The dog indicated the presence of narcotics and a subsequent warrantless search of the automobile and the luggage contained therein revealed that two bags of luggage contained some cocaine; another was found to contain some heroin.

■ Appellant raises a Fourth Amendment challenge to the search of the automobile, seeking to exclude the narcotics obtained therefrom. However, "the exclusionary rule's benefits run only to those whose Fourth Amendment rights have been violated." *United States v. Givens,* 733 F.2d 339, 341 (4th Cir.1984). Only where a search intrudes upon a space as to which an individual has "a legitimate expectation of privacy" will the search violate that individual's Fourth Amendment rights. *Rakas v. Illinois,* 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978). Here, as the district court found, appellant, as an unauthorized driver of the rented car, had no legitimate privacy interest in the car and, therefore, the search of which he complains cannot have violated his Fourth Amendment rights. *See United States v. Boruff,* 909 F.2d 111, 117 (5th Cir.1990) (driver of rental car had no legitimate expectation of privacy in rental car

where driver was not listed as valid driver on rental agreement, even though he had permission of actual renter to drive the car, as agreement expressly forbade use of rental car for illegal purposes and use of car by an unauthorized driver, and driver was aware of both of these restrictions), *cert. denied,* 499 U.S. 975, 111 S.Ct. 1620, 113 L.Ed.2d 718 (1991); *United States v. Obregon,* 748 F.2d 1371, 1374–75 (10th Cir.1984) (upholding lower court's determination that person not listed as valid driver on rental car agreement had no legitimate privacy interest in the car even though the person had renter's permission to drive car); *cf. United States v. Sanchez,* 943 F.2d 110, 112–14 (1st Cir.1991) (driver had no reasonable expectation of privacy in car borrowed with permission from boyfriend of car owner absent evidence that driver normally used car or had strong relationship with car owner); *United States v. Hargrove,* 647 F.2d 411, 413 (4th Cir.1981) (defendant had no reasonable expectation of privacy in stolen car; defendant failed to show, as was required where car had previously been reported stolen, "that he acquired the car innocently").[2]

■ Appellant further argues that, even if he had no reasonable expectation of privacy in the rental car, he retained a reasonable expectation of privacy in his luggage which he placed in the car. However, as we have previously held,

> [o]ne who can assert no legitimate claim to the car he was driving cannot reasonably assert an expectation of privacy in a bag found in that automobile.... A person who cannot assert a legitimate claim to a vehicle cannot reasonably expect that the vehicle is a private repository for his personal effects, whether or not they are enclosed in some sort of a container, such as a paper bag.

**2.** Appellant relies heavily upon *United States v. Portillo,* 633 F.2d 1313 (9th Cir.1980), *cert. denied,* 450 U.S. 1043, 101 S.Ct. 1763, 68 L.Ed.2d 241 (1981). There the Ninth Circuit found that one Montellano had a legitimate privacy interest in an automobile that he was using with the owner's permission. Explained the court of appeals: "Montellano had both permission to use his friend's automobile and the keys to the ignition and the trunk, with which he could exclude all others, save his friend, the owner. Montella-

no, therefore, possesses the requisite legitimate expectation of privacy necessary to challenge the propriety of the search." *Id.* at 1317. Even if *Portillo* accurately states the law of this circuit, a contention we need not here address, the case at bar is distinguishable on its facts. Although the appellant herein may well have had Dixon's permission to drive the automobile, he did not have the permission of Hertz Corporation, the owner of the automobile.

*United States v. Hargrove, supra,* 647 F.2d at 413.

▮ The district court correctly concluded that appellant's Fourth Amendment rights were not violated by virtue of the search of the rental car. Appellant's evidentiary challenge is wholly without merit.[3] The judgment of the court below is

***AFFIRMED.***

---

**3.** Appellant argues that, after he opted to call character witnesses in his behalf, it was error for the district court to allow the prosecution to cross-examine those witnesses as to a 1975 rape arrest, 1975 assault charges, and a 1991 positive cocaine usage test. Appellant, however, opened the door to such testimony by virtue of his questioning of the witnesses on direct examination. *See* Fed.R.Evid. 405(a). In particular, one witness was asked on direct examination to testify as to appellant's "reputation is for being a man of honesty [and] law abidingness[.]" S.J.A. 164. He responded that appellant's reputation in that regard was positive and that he "based [this conclusion] on [his] personal observations and knowledge of him as a person for the past twenty years." *Id.* We therefore reject appellant's contention, that the district court abused its discretion in allowing the prosecution to pursue its chosen course of cross-examination, on the authority of Justice Jackson's opinion in *Michelson*

*v. United States,* 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

Appellant also urges that the district court should have allowed him to testify as to the particular circumstances underlying the prior specific instances of bad conduct raised by the government. Even if this extrinsic evidence as to a collateral matter was properly admissible under Rule 405(a), it was surely not an abuse of discretion, given the likelihood that the evidence would confuse the jury and misdirect the jury's focus from the issues properly before it, for the district court to exclude the evidence under Rule 403. *See United States v. Waloke,* 962 F.2d 824, 830 (8th Cir.1992) (upholding exclusion, pursuant to Rule 403, of extrinsic evidence, offered by the defendant in an assault case, as to collateral matters relating to the assault victim's character, even where such evidence was properly admissible under Rule 405(b)).