UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4005

KENNETH JAMES HANNAH,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-95-7)

Submitted: October 6, 1998

Decided: December 31, 1998

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. Elliott, Columbia, South Carolina, for Appellant. J. Rene
Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant United
States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kenneth James Hannah ("Hannah") was convicted of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994), possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841 (1994), and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). He was subsequently sentenced to 420 months' imprisonment. Hannah now appeals his conviction and sentence. Finding no reversible error, we affirm.

While being followed by police on March 4, 1994, Hannah abandoned the blue Lincoln Continental ("Lincoln") he was driving. The police kept the Lincoln under surveillance and a white male, not Hannah, approached the vehicle with a key and began entering the Lincoln. The white male consented to a search of the Lincoln. A subsequent search uncovered a loaded weapon in the car which was in easy reach of the driver of the vehicle and a large amount of crack cocaine. Hannah was identified by Government witnesses as the driver of the vehicle. However, the Lincoln was owned by Budget Rent-A-Car and rented by Hannah's wife; Hannah was not listed as an authorized driver of the vehicle. Hannah was later charged and convicted based on these facts.

Before trial, Hannah moved to suppress the drugs found in the vehicle alleging that the search violated his Fourth Amendment rights. The Government countered that Hannah lacked standing to contest the search. Following a hearing on the matter, the district court denied the motion to suppress, finding that Hannah failed to demonstrate that he possessed a reasonable expectation of privacy in the contents of the rented Lincoln. Hannah now alleges that the district court erred in denying his suppression motion.

We review de novo the trial court's conclusions involved in a suppression determination, but the factual determinations forming those conclusions are reviewed under a clearly erroneous standard. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992). To challenge the validity of a search, a defendant must demonstrate a reason-

2

able expectation of privacy in the area searched. See Rawlings v. Kentucky, 448 U.S. 98, 104-05 (1980). The defendant bears the burden of establishing a reasonable expectation. Id.

We have held that an unauthorized driver of a rental vehicle has no legitimate privacy interest in the car. Therefore, the search of the Lincoln did not violate Hannah's Fourth Amendment rights. See United States v. Wellons, 32 F.3d 117, 119 (4th Cir. 1994). Hannah contends that this case is distinguishable from Wellons because his wife rented the vehicle and she had given him permission to use the vehicle. We have expressly stated that "[a]lthough the appellant herein may well have had [the renter's] permission to drive the automobile, he did not have the permission of Hertz Corporation, the owner of the automobile." Id. at 119 n.2. Similarly, Hannah did not have permission from Budget Corporation to drive the Lincoln.

Furthermore, Hannah testified that he had no interest in the Lincoln on the day in question and offered no evidence that he was given permission to drive the Lincoln. Because Hannah failed to produce any evidence to demonstrate a legitimate expectation of privacy and the district court's findings of fact were not clearly erroneous, he failed to show a violation of his Fourth Amendment rights. Accordingly, we find that the district court properly denied Hannah's motion to suppress.

Hannah also claims that the district court erred by failing to grant his motions for a mistrial and for a new trial. Hannah moved for a mistrial because a Government witness allegedly violated the court's sequestration order by discussing her testimony with another Government witness. We reject this argument because the record clearly demonstrates that no violation of the sequestration order occurred. Hence, the district court did not abuse its discretion in denying the motion. See United States v. Alonzo, 689 F.2d 1202, 1204 (4th Cir. 1982) (denial of a motion for a mistrial reviewed for abuse of discretion).

Hannah also suggests that the district court erred when it denied his motion for a new trial based on newly discovered evidence that a violation of the court's sequestration order occurred. We also reject this argument because Hannah was unable to state which witnesses vio-

3

lated the court's sequestration order or whether their testimony was affected by this alleged violation. Consequently, Hannah was unable to show that the introduction of this evidence would result in an acquittal at a new trial. Therefore, the district court did not abuse its discretion in denying Hannah's motion for a new trial. See United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995) (denial of a motion for a new trial reviewed for abuse of discretion).

During trial Hannah also moved to have the drugs recovered from the Lincoln excluded asserting that the evidence was tampered with because the drugs were in a different bag than they were in when the evidence left the crime laboratory. Hannah points to the fact that the forensic chemist who performed the analysis of the drugs testified that he could not be certain that the Government's evidence was in fact the same evidence that he had tested because the drugs were now in a different bag. However, testimony revealed that the evidence was placed in a different bag because Hannah and his attorneys in a related state matter had received authority from the court to open the bag that contained the drugs so his attorneys could examine the contents. Thereafter, the evidence was resealed in a different bag. Based on this testimony, we find that the district court did not abuse its discretion in holding that the chain of custody was complete, and the court properly denied Hannah's motion. See United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982) (resolution of a chain of custody dispute rests within the sound discretion of the trial judge).

Hannah also requested permission to weigh the drugs that were actually present in the courtroom to establish that officials had tampered with the evidence. Here the weight of the drugs was not an element of the offense. Further, the evidence was transported and weighed prior to the time the bag was opened at the request of Hannah and his attorney in state court. Consequently, we hold that the district court did not abuse its discretion by not allowing the defense to weigh the evidence. See Sasaki v. Class, 92 F.3d 232, 241 (4th Cir. 1996) (evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion).

Finally, Hannah contends that his § 924(c)(1) conviction must be vacated because the district court misinstructed the jury in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137

4

(1995), which subsequent to his conviction clarified the meaning of "use" under the statute. Hannah argues that under Bailey the mere presence of a firearm under the seat of an automobile, when there was no evidence of active employment of the weapon, is not enough to warrant a conviction under § 924(c)(1). Because Hannah did not object to the instruction on § 924(c)(1) given to the jury, we review for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

We find that the district's error in instructing the jury does not require reversal. While this court has been reluctant in the past to apply a harmless error analysis in Bailey cases,[1] we find that the facts of this case make such an analysis appropriate. [2] The district court instructed the jury that the Government had to prove beyond a reasonable doubt that the firearm was in Hannah's possession or under his control at the time the drug trafficking crimes were committed. The only evidence the Government presented as to firearm use was the fact that when Hannah abandoned the rental car a loaded gun was found within easy reach of the driver's seat. Therefore, in order to convict him of this offense, the jury had to find that Hannah transported the drugs and the firearm in the rental car on March 4, 1994. Because the evidence overwhelmingly supported the jury's finding of guilt, because this conduct constitutes "carrying" under § 924(c)(1), and because there was no evidence that might have provided an improper basis for a § 924(c)(1) conviction, we hold that any error in the court's instructions was harmless beyond a reasonable doubt. See United States v. Mitchell, 104 F.3d 649, 653 (4th Cir. 1997). Consequently, Hannah is not entitled to any relief from his conviction on the firearm count based on Bailey.

_____

[1] See United States v. Hawthorne , 94 F.3d 118, 120 (4th Cir. 1996); United States v. Smith, 94 F.3d 122, 124 (4th Cir. 1996).

[2] See United States v. Chen, 131 F.3d 375, 380 (4th Cir. 1997), cert. denied, ___ U.S. ___, 35 U.S.L.W. 3576 (U.S. Mar. 2, 1998) (applying harmless error analysis). See also Johnson v. United States, 520 U.S. 461 (1997) (stating that misinstructing the jury on an essential element of the offense, unlike conclusively instructing or failing to instruct the jury, is an error which is subject to harmless error analysis).

Accordingly we affirm Hannah's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>

6