**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 99-4058

PEDRO NUNEZ-RODRIGUEZ, a/k/a
Raphael Diaz,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-98-121)

Submitted: March 10, 2000

Decided: March 28, 2000

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James Kousouros, Kew Gardens, New York, for Appellant. Helen F.
Fahey, United States Attorney, Robert E. Bradenham, II, Assistant
United States Attorney, Paul D. Merullo, Third-Year Law Student,
Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pedro Nunez-Rodriguez appeals the district court's order denying his motion to suppress evidence and his jury conviction and resulting 252-month sentence for possession with intent to distribute cocaine in violation of 21 U.S.C.A. §§ 841(a)(1), (b) (West 1994 & Supp. 1999) and 18 U.S.C. § 2 (1994). We affirm.

Nunez-Rodriguez was operating a rental car when a Virginia state trooper stopped him for exceeding the speed limit. A search of the vehicle revealed approximately six kilograms of cocaine. Following his arrest, Nunez-Rodriguez gave police a statement concerning his drug trafficking activity. Prior to trial, Nunez-Rodriguez moved to suppress the physical evidence collected from the vehicle and the statement he gave police investigators following his arrest. The motion was denied. At trial, he moved for a judgment of acquittal that was denied.

Nunez-Rodriguez argues the district court erred in denying his motion to suppress. He contends the evidence and statement were products of a pretextual traffic stop, a vehicle search performed without valid consent, and an involuntary, unknowing waiver of rights. He further contends there was insufficient evidence to sustain the jury's guilty verdict and that the court erred in denying his motion for judgment of acquittal.

We have reviewed the record and the district court's order denying the motion to suppress. Because police had an objective right to stop Nunez-Rodriguez, there was no basis for the court to suppress evidence on the ground that the stop was pretextual. See Ohio v. Robinette, 519 U.S. 33, 38-40 (1996). As to the argument that the vehicle's search was without consent, the court did not err in concluding that oral consent was given for the search. See United States v.

2

Lattimore, 87 F.3d 647, 650 (4th Cir. 1996) (en banc). Furthermore, even if Nunez-Rodriguez had not consented, he had no legitimate expectation of privacy in the rental car. See United States v. Wellons, 32 F.3d 117 (4th Cir. 1994). The district court also did not err in determining that Nunez-Rodriguez's waiver of rights and subsequent statement to police was voluntary. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973); United States v. Pelton, 835 F.2d 1067 (4th Cir. 1987). Finally, because the record contains substantial evidence to support the jury's verdict, the court did not err in denying the motion for judgment of acquittal. See Glasser v. United States, 315 U.S. 60, 80 (1942).

For these reasons, we affirm the district court's orders and Rodriguez' jury conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3