# UNITED STATES COURT OF APPEALS

UNPUBLISHED

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                              No. 00-4834

WAYNE A. BLAKE,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-00-34)

Submitted: October 24, 2001

Decided: December 13, 2001

Before WILKINS and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

John B. Hatfield, Jr., HATFIELD & HATFIELD, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Wayne A. Blake was convicted by a jury of possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999). He appeals the district court's denial of his motion to suppress cocaine seized from the vehicle he was driving after he was stopped by police officers. Finding no error in the district court's determinations, we affirm.

We review the factual findings underlying a motion to suppress for clear error, while the legal determinations are reviewed de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held that, in order to conduct an investigatory stop of an individual, a police officer must have an objectively reasonable suspicion of criminal activity. *Id.* at 20-22. The Court subsequently held that, in evaluating police conduct in a *Terry* stop, courts must consider "the totality of the circumstances—the whole picture." *United States v. Sokolow*, 490 U.S. 1, 8 (1989) (quoting *United States v. Cortez*, 449 U.S. 411, 417 (1981)).

Blake contends that the officers lacked reasonable suspicion that he was involved in any criminal activity prior to stopping his vehicle. Our review of the record convinces us that, when the officers stopped Blake's rental vehicle, they reasonably suspected that a backpack in the trunk contained a controlled substance because, among other factors, one of the officers observed the backpack being placed in the trunk by two men, acting in an unusual manner, who had not previ-

ously been in the car, but who were later seen with the driver. *See United States v. Brugal*, 209 F.3d 353, 359-61 (4th Cir.), *cert. denied*, 531 U.S. 961 (2000). Moreover, Blake's assertion that the district court erred in ruling that he lacked standing to challenge the search of the vehicle after the stop is foreclosed by our decision in *United States v. Wellons*, 32 F.3d 117, 119 (4th Cir. 1994). The district court did not err in denying Blake's motion to suppress.

Accordingly, we affirm Blake's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*