UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
$\qquad$ *Plaintiff-Appellee,*

v. $\qquad$ No. 01-4796

TROY ANTHONY DAVIDSON,
$\qquad$ *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-01-183)

Submitted: March 28, 2002

Decided: May 3, 2002

Before LUTTIG and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Robert Haley, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Troy Davidson pled guilty to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 841(a), (b) (West Supp. 1999) and 21 U.S.C. § 846 (1994). He appeals the district court's denial of his motion to suppress cocaine seized from the rental vehicle he was driving a short time before police officers encountered him outside the vehicle. Finding no error in the district court's decision, we affirm.

We review the factual findings underlying a motion to suppress for clear error, while the legal determinations are reviewed de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

Davidson's assertion that the district court erred in ruling that he lacked standing to challenge the search of the vehicle is foreclosed by our decision in *United States v. Wellons*, 32 F.3d 117, 119 (4th Cir. 1994). Moreover, Davidson's challenge to the correctness of the *Wellons* decision need not be addressed as there is no dispute that the lessee of the vehicle consented to its search. *See United States v. Zapata*, 180 F.3d 1237, 1241 (11th Cir. 1999). The district court did not err in denying Davidson's motion to suppress.

Accordingly, we affirm Davidson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*