**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4434**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRYANT WILLIAMS,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (CR-04-518)

---

Submitted: November 23, 2005      Decided: December 19, 2005

---

Before WILKINSON, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Kenneth W. Ravenell, Matthew A.S. Esworthy, SCHULMAN, TREEM, KAMINKOW, GILDEN & RAVENELL, P.A., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bryant Williams entered a conditional guilty plea to possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841 (2000). He reserved his right to challenge the district court's ruling on his motion to suppress. After the district court sentenced him to 120 months' imprisonment, Williams noted his appeal.

In determining the propriety of a district court's denial of a motion to suppress, this court reviews the district court's findings of fact for clear error and legal conclusions de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Rusher, 966 F.2d 868, 873 (4th Cir. 1992).

At the hearing on Williams' motion to suppress, the Government and Williams stipulated to these facts. While conducting surveillance at an apartment complex in regard to suspected narcotics trafficking activities, Detective Peter Sullivan observed Williams enter the apartment building shortly after midnight. Some time later, he observed an unknown female, later identified as Tyra Tucker, arrive and enter the apartment building. Approximately ten minutes later, Williams and Tucker exited the building together and approached Tucker's vehicle. Williams was carrying a brown shoulder bag. Tucker opened the trunk of her vehicle and Williams placed the bag in the trunk. Williams then got into his vehicle and drove away from the

apartment complex.  Tucker, in her vehicle, followed closely behind Williams.  The police officers then initiated a stop of both vehicles.  The officers obtained from Tucker her consent to search her vehicle, and they recovered the bag from her trunk.  Inside the bag, officers discovered ten kilograms of cocaine.

Williams asserted that he had--and at all times maintained--an ownership and possessory interest in the bag and its contents.  He stated that, when he and Tucker left the apartment complex, he had instructed Tucker to "follow him and stay in close contact with him [so that] he could keep an eye on her and the bag at all times."  Williams contends that he intended to retrieve the bag from Tucker once they reached their destination.  Williams also asserted that Tucker did not know the contents of the bag.

Following the presentation of this evidence and argument on the issue, the district court denied the motion to suppress, finding that Williams lacked standing to contest the consent search.  Williams appeals, arguing that the district court failed to recognize his supervisory role over the transportation of the bag and thus his expectation of privacy in the bag.

To succeed on a Fourth Amendment claim, an individual must have a legitimate expectation of privacy in the area searched or the item seized.  See Rawlings v. Kentucky, 448 U.S. 98, 106 (1980).  A passenger in an automobile normally has no legitimate expectation of privacy in an automobile in which he asserts neither

- 3 -

a property nor a possessory interest.  See <u>Rakas v. Illinois</u>, 439 U.S. 128, 148-49 (1978); <u>United States v. Rusher</u>, 966 F.2d 868, 874 (4th Cir. 1992).  Here, Williams was never a passenger in the vehicle being searched.  Thus, he could not have had an expectation of privacy in the <u>area being searched</u>.  See <u>Rawlings</u>, 448 U.S. at 106; <u>United States v. Washburn</u>, 383 F.3d 638 (7th Cir. 2004) (finding defendant, who was not present during the search, lacked standing to challenge search of luggage he placed in a vehicle for delivery to another location), <u>cert. denied</u>, 125 S. Ct. 1746 (2005); <u>see also</u> <u>United States v. Wellons</u>, 32 F.3d 117, 119 (4th Cir. 1994) (holding that unauthorized driver of rental car had no expectation of privacy in the car or any container found in the car, and denying standing to challenge search of luggage found in trunk of car).

Williams asserts, however, that he retained an expectation of privacy in the bag, which he placed in the trunk of Tucker's car.  In <u>Florida v. Jimeno</u>, 500 U.S. 248, 251 (1991), the Supreme Court held that a general consent to search an automobile authorized a search of any container within the vehicle that could contain contraband.  The Court held that "it was objectively reasonable for the police to conclude that the general consent to search respondents' car [for narcotics] included consent to search containers within the car that might bear drugs."  <u>Id.</u>; <u>see</u> <u>United States v. Gant</u>, 112 F.3d 239, 243 (6th Cir. 1997) (explaining that

"'general consent [to a search] permits the opening of closed but unlocked containers found in the place as to which consent was given.'" (quoting Wayne R. LaFave, Search and Seizure, § 8.1(c) & n.75 (1986))); United States v. Zapata, 18 F.3d 971, 977-78 (1st Cir. 1994) ("Because the duffel bags were lying in the trunk, appellant's general consent to a search of the automobile constituted consent to a search of the duffel bags.").

Based on the above-cited authority, Tucker's consent to the search of her vehicle included consent to search the unlocked bag in the trunk of her vehicle. Williams' claim of a supervisory role over the transportation of the bag and its contents is insufficient to afford him standing to challenge the search of a vehicle belonging to another and the contents of that vehicle. See United States v. Padilla, 508 U.S. 77, 82 (1993); United States v. Al-Talib, 55 F.3d 923, 930-31 (4th Cir. 1995) ("No expectation of privacy is created simply because one has 'a supervisory role in the conspiracy or joint control over the place or property involved in the search or seizure.'" (quoting Padilla, 508 U.S. at 82)).

Because Williams did not have an ownership interest in the vehicle searched, and because his co-conspirator/supervisor argument has been rejected by the Supreme Court, we find no error by the district court in determining that he lacked standing to challenge the search of Tucker's vehicle, including the bag in the vehicle. We therefore affirm the district court's order denying

Williams' motion to suppress and affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED