**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4793**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

DARRYL T. LUSTER, a/k/a Darryl Tyrone Luster,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Richard L. Williams, Senior
District Judge.  (3:08-cr-00085-RLW-1)

Submitted:  March 26, 2009          Decided:  May 4, 2009

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H.
Pratt, Valencia Roberts-Brower, Assistant Federal Public
Defenders, Richmond, Virginia, for Appellant. Dana J. Boente,
Acting United States Attorney, John D. Adams, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl T. Luster pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), but reserved his right to appeal the district court's denial of his motion to suppress evidence found in a search of a rental car Luster was driving. Luster argues on appeal that he had a reasonable expectation of privacy in the rental car because his wife was the authorized user and gave him permission to drive it. Luster also contends that the district court erred in finding the police officer properly conducted the search pursuant to the impoundment and inventory exception to the Fourth Amendment's warrant requirement. Finding no reversible error, we affirm.

We review legal conclusions underlying the denial of a motion to suppress de novo, and review factual findings for clear error. United States v. Moreland, 437 F.3d 424, 429 (4th Cir. 2006). The evidence is construed in the light most favorable to the government, as the prevailing party below. United States v. Seidman, 156 F.3d 542, 547 (4th Cir. 1998).

A search can violate an individual's Fourth Amendment rights only when the individual has "a legitimate expectation of privacy" in the place searched. United States v. Wellons, 32 F.3d 117, 119 (4th Cir. 1994) (citing Rakas v. Illinois, 439 U.S. 128, 143 (1978)). An expectation of privacy is legitimate

if the individual has a subjective expectation of privacy in the area searched, and that subjective expectation of privacy is objectively reasonable based on "concepts of real or personal property law" or "understandings that are recognized and permitted by society." Rakas, 439 U.S. at 143 n.12.

An unauthorized driver of a rented car has "no legitimate privacy interest in the car" and, therefore, a search of the car "cannot have violated his Fourth Amendment rights." Wellons, 32 F.3d at 119. This conclusion is not altered where the authorized lessee allows the unauthorized driver to drive the rental vehicle, as an unauthorized driver still does not have permission of the rental company, the owner of the vehicle. Id. at 119 n.2. This principle is of particular applicability here as Luster did not possess a valid driver's license, and thus could not have reasonably believed that the rental agreement would have authorized him to operate the vehicle, regardless of his wife's consent. Therefore, the district court correctly concluded that as an unauthorized driver, Luster did not have a legitimate privacy interest in the car and thus the search of the car did not violate his Fourth Amendment rights.

Alternatively, Luster urges this court to reconsider Wellons. A review of the applicable case law reveals no persuasive reason to overturn or alter the Wellons holding in this instance. See United States v. Ruhe, 191 F.3d 376, 388

3

(4th Cir. 1999) (stating that a panel of this court is "bound by prior precedent from other panels in this circuit absent contrary law from an en banc or Supreme Court decision").

Because Luster had no legitimate expectation of privacy in the rental vehicle, we do not reach Luster's second argument regarding the propriety of the inventory search. Accordingly, we affirm Luster's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4