**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4358

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

RICHARD JAENSCH,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:11-cr-00158-GBL-1)

Argued:  September 20, 2013          Decided:  November 14, 2013

Before GREGORY and DUNCAN, Circuit Judges, and Samuel G. WILSON, United States District Judge for the Western District of Virginia, sitting by designation.

Vacated in part, affirmed in part, and remanded with instructions by unpublished opinion.  Judge Duncan wrote the opinion, in which Judge Gregory and Judge Wilson joined.

**ARGUED:**  Alan J. Cilman, Fairfax, Virginia; Marvin David Miller, LAW OFFICE OF MARVIN D. MILLER, Alexandria, Virginia, for Appellant.  Gregory Victor Davis, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Kathryn Keneally, Assistant Attorney General, Frank P. Cihlar, Chief, Criminal Appeals & Tax Enforcement Policy Section, Elissa Hart-Mahan, Tax Division, Washington, D.C., Alexander R. Effendi, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Alexandria,

Virginia; Neil H. MacBride, United States Attorney, OFFICE OF
THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

DUNCAN, Circuit Judge:

Richard Earl Jaensch was convicted by a federal jury of one count of corruptly endeavoring to impede the due administration of the tax laws under 18 U.S.C. § 7212(a), ("Count 1"), one count of filing a false claim for a refund under 18 U.S.C. § 287, ("Count 2"), and four counts of willful failure to file a tax return under 26 U.S.C. § 7203, ("Counts 3-6"). He was sentenced to thirty-six months' imprisonment and two years' supervised release for Count 1, thirty-six months' imprisonment and two years' supervised release for Count 2, and twelve months' imprisonment and one year's supervised release for each of Counts 3, 4, 5, and 6. All sentences were to run concurrently for a total term of thirty-six months' imprisonment and two years' supervised release.

Jaensch appeals Counts 1 and 2 on substantive grounds and appeals all of his convictions on the basis of evidentiary and instructional errors. For the reasons that follow, we vacate Jaensch's conviction under Count 1, affirm as to all other counts and remand for rehearing of Count 1 and resentencing of all counts.

I.

A.

Beginning in 2001, Jaensch stopped paying federal income taxes. Although he earned income as a self-employed plumber, Jaensch did not file federal income tax returns for the taxable years of 2002 through 2008. Jaensch prevented the individuals who hired him for plumbing projects from filing tax documents by withholding his social security number. He joined a tax-protestor organization and attended tax-protest seminars. Although Jaensch consulted a professional accountant who informed him that his beliefs concerning his liability for federal income taxes were meritless, he did not resume paying his taxes.

Based on his tax theories, Jaensch filed or caused his wife to file a number of documents purporting to support his and her tax-exempt statuses with state and federal agencies from 2005 to 2009. Among other documents, on April 15, 2009, Jaensch filed a tax return for the 2008 taxable year claiming a refund of $774,052.00. On July 22, 2009, the IRS sent Jaensch a letter informing him that his refund claim was frivolous and that he was required to submit a corrected tax return within 30 days to avoid a civil penalty. Jaensch submitted a second 2008 tax return in August of 2009 reporting $113.00 in taxable income. Jaensch was indicted on March 23, 2011.

4

B.

Jaensch filed numerous pretrial motions seeking to dismiss the indictment in whole and in part, to strike surplusage in the indictment, and to admit witnesses as experts. The district court denied Jaensch's motions to dismiss, granted his motion to strike surplusage from Count 1, and disallowed his proposed expert testimony.

At trial, Jaensch objected to the district court's decision to admit evidence of his prior conviction for production of a false identification document under 18 U.S.C. § 1028(a) and its decision to exclude, in part, the lay testimony of witness Brandon Eggleston, one of Jaensch's employers. Jaensch also objected to the jury instructions on a number of grounds. The district court overruled all of Jaensch's objections, and this appeal followed.

II.

Jaensch raises a number of arguments on appeal. He challenges the district court's refusal to dismiss Count 1 on facial and as-applied constitutional grounds. He also challenges the district court's refusal to dismiss Count 2 on the ground that the Government was estopped from prosecuting him on that charge. He argues that the district court's evidentiary rulings concerning his prior conviction and the exclusion of his

5

lay and expert witness testimony constituted abuses of discretion. Finally, he contends that the district court's jury instructions improperly stated and defined the elements of Count 1, improperly failed to give a good faith instruction on Count 2, and incorrectly defined good faith as it applied to Counts 1, 3, 4, 5, and 6.

We review a challenge to the constitutionality of a statute de novo. United States v. Sun, 278 F.3d 302, 308 (4th Cir. 2002). We review the district court's ruling on a motion to dismiss an indictment de novo. United States v. Al Sabahi, 719 F.3d 305, 309 (4th Cir. 2013). We review evidentiary rulings for abuse of discretion and "'will only overturn an evidentiary ruling that is arbitrary and irrational.'" United States v. Cone, 714 F.3d 197, 219 (4th Cir. 2013) (quoting United States v. Cloud, 680 F.3d 396, 401 (4th Cir. 2012)). "[We] review a district court's refusal to give a jury instruction for abuse of discretion ... [however] we conduct a de novo review of any claim that jury instructions incorrectly stated the law." United States v. Mouzone, 687 F.3d 207, 217 (4th Cir. 2012) (internal citations omitted).

III.

A.

We turn first to Jaensch's conviction under Count 1 of the indictment, charging a violation of 18 U.S.C. § 7212(a). Count 1 alleges Jaensch "did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws by committing acts including but not limited to" those listed. The indictment then lists thirteen acts that Jaensch allegedly committed in an attempt to obstruct or impede administration of the Internal Revenue Code. Jaensch assigns a number of substantive and procedural errors to this Count. Because we conclude that Jaensch's Count 1 conviction must be vacated on the ground that the district court misstated the law in its jury instructions, we need not address Jaensch's remaining arguments.

We review jury instructions "holistically"; a "'single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.'" Noel v. Artson, 641 F.3d 580, 586 (4th Cir. 2011) (quoting Henderson v. Kibbe, 431 U.S. 145, 152 n.10 (1977)). We must determine "'whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party.'" Id. (quoting

7

Bailey v. Cnty. of Georgetown, 94 F.3d 152, 156 (4th Cir. 1996)).

A "failure to properly instruct on an element of the offense is a constitutional error subject to harmlessness review." Bereano v. United States, 706 F.3d 568, 578 (4th Cir. 2013). "We find an error in instructing the jury harmless if it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'" United States v. Ramos-Cruz, 667 F.3d 487, 496 (4th Cir. 2012) (quoting Neder v. United States, 527 U.S. 1, 18 (1999)).

In this case, the district court's instruction on Count 1 misled the jury as to the controlling law and we cannot say that the error was harmless. To prove a violation of § 7212(a), "the government must prove that the defendant: 1) corruptly; 2) endeavored; 3) to obstruct or impede the administration of the Internal Revenue Code." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). To act corruptly is to act "with the intent to secure an unlawful benefit either for oneself or for another." Id.

The district court's instructions do not properly explain the Government's burden to the jury. Violation of § 7212(a) is a crime of specific intent. A defendant must not only endeavor to impede due administration but must do so with the specific intent to secure an unlawful benefit. See Wilson, 118 F.3d at

8

234. Although the district court correctly defined "due administration," "obstruct or impede," and "corruptly," it instructed the jury that it could convict Jaensch by finding that he committed acts listed in the indictment without finding that he committed those acts with the requisite intent to secure an unlawful benefit.

The jury instructions state, in relevant part, that:

> If the jury concludes that the government did prove beyond a reasonable doubt that one, the defendant employed at least one act set forth in Section 1-M through U of the indictment and that the defendant did commit an act identified in Section 1-V through Y of the indictment, and two, that the defendant acted knowingly and intentionally, then the jury must find the government [sic] guilty of the offenses in Count 1 of the indictment.

J.A. 608.

This instruction improperly transforms violation of § 7212(a) into a crime of general intent. The import of the instruction as given is that the jury should convict if it finds that Jaensch committed acts listed in the indictment knowingly and intentionally, not that he committed them for a specific purpose or to achieve a specific result.

The Count 1 instruction, when viewed in light of the entire record, misled the jury as to the controlling legal principles necessary to make its determination. Because Jaensch argued that he acted in good faith, we cannot say beyond a reasonable doubt that a rational jury would have convicted Jaensch under

9

the stringent specific intent standard required by § 7212(a) merely because it convicted him under a lesser general intent standard. Jaensch's conviction under Count 1 of the indictment will be VACATED and remanded for further proceedings.[1]

## B.

We turn next to Count 2 of the indictment. Jaensch argues that the district court erred by refusing to dismiss Count 2 on the ground of promissory estoppel and by failing to give a good faith instruction as to that count.

### i.

Jaensch contends that the district court erred by refusing to dismiss Count 2. He argues that the Government was estopped from prosecuting him for filing a false refund claim because the letter he received from the IRS was an offer not to pursue criminal penalties that became a binding contract when Jaensch accepted it by abandoning his false claim and filing a corrected return. We disagree.

The IRS letter makes no mention of any possible criminal sanctions. Contrary to Jaensch's arguments, it also does not state that Jaensch's misconduct subjected him to exclusively

---

[1] We have considered whether the erroneous instruction in Count 1 could have affected the remaining counts and have concluded that it could not. Jaensch has not argued that it could have, nor could he convincingly do so on these facts.

civil sanctions or that he would be relieved from all possible sanctions of any kind by filing a corrected tax return. Therefore, the IRS letter cannot reasonably be read as an offer or promise to forgo criminal prosecution, and the district court did not err by refusing to dismiss Count 2 of the indictment on the ground of promissory estoppel.

ii.

Jaensch also argues that the district court's refusal to give a good faith instruction on Count 2 constituted an abuse of discretion.

Jaensch's argument is precluded by our precedent. Pursuant to Count 2, the district court instructed the jury that the Government was required to prove Jaensch submitted a claim "with a knowledge that it was false and with a consciousness that he was either doing something which was wrong or which violated the law." J.A. 611. In United States v. Maher, we held that § 287 includes a specific intent element,[2] and that an essentially identical instruction was adequate to instruct the jury on specific intent. 582 F.2d 842, 847 (4th Cir. 1978). "If the

_____

[2] As we recognized in United States v. Daughtry, the Maher court adopted the specific intent requirement that the district court read into the statute. 43 F.3d 829, 832 n.1 (4th Cir. 1995) (vacated on other grounds by Daughtry v. United States, 519 U.S. 984 (1995)). Section 287 is silent on the intent necessary to commit a violation, but we are bound by our precedent to require proof of specific intent.

11

district court gives adequate instruction on specific intent, a separate instruction on good faith is not necessary." <u>United States v. Mancuso</u>, 42 F.3d 836, 847 (4th Cir. 1994). The district court's specific intent instruction was adequate and no additional good faith instruction was required. The district court, therefore, did not abuse its discretion by declining to give the requested instruction.[3]

## C.

Jaensch next argues that the district court abused its discretion in evidentiary rulings affecting the entire trial. He contends that evidence of his prior conviction was improperly admitted and that opinion testimony of a lay witness regarding Jaensch's good faith defense was improperly excluded.[4] We address each argument in turn.

## i.

Jaensch contends that the district court abused its discretion by admitting evidence of his prior conviction under Federal Rule of Evidence 608 to impeach the testimony of his wife. Jaensch also contends that the evidence violated Rule 403

---

[3] We have examined Jaensch's remaining instructional challenges as they relate to Counts 3-6 and find them to be without merit.

[4] We have examined Jaensch's other evidentiary challenges and find them to be without merit.

because it was so prejudicial that it forced him to testify to mitigate its impact.

It is not clear from the record what Rule the district court relied on to permit evidence of Jaensch's previous conviction to be entered. However, we may affirm on any ground supported by the record. United States v. Moore, 709 F.3d 287, 293 (4th Cir. 2013). Contrary to Jaensch's contention that evidence of the conviction was improper character evidence under Rule 404(a)(1), it was properly admitted under the exception in Rule 404(a)(2)(A). Jaensch elicited testimony concerning his trait of honesty, it was admitted, and the Government offered evidence to rebut that testimony. See United States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994) (holding that when a defendant "'opened the door' by soliciting favorable opinions about his character, the district court properly allowed the government to rebut the offered testimony").

The manner of proof was also permissible. Rule 405(a) allows an admissible trait of character to be proven "by testimony about the person's reputation." On "cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." Id. Here the district court permitted Jaensch to elicit reputation testimony on cross-examination and the Government to challenge

13

that testimony using Jaensch's conviction on redirect.[5]  Although 405(a) speaks of "cross-examination," courts that have addressed this issue have permitted evidence of specific acts to be admitted on redirect in service of the Rule's intent.  <u>See</u> <u>United States v. Powell</u>, 124 F.3d 655, 661 n.4 (5th Cir. 1997); <u>Gov't of V.I. v. Roldan</u>, 612 F.2d 775, 778 n.2 (3d Cir. 1979) ("Character evidence was introduced for the first time on cross-examination.  For the purpose of rebuttal of this evidence, therefore, the Government's redirect examination was the functional equivalent of the 'cross-examination' referred to in rule 405(a)."); <u>United States v. Grose</u>, 461 F. App'x 786, 795-96 (10th Cir. 2012) (unpublished).

Finally, the district court did not abuse its discretion under Rule 403 by admitting Jaensch's conviction.  Rule 403 prevents the admission of evidence only when its probative value is "substantially outweighed by its prejudicial impact 'in the

---

[5] Jaensch also argues that his previous conviction should not have been admitted because it was not for a specific intent crime of dishonesty.  It is unclear what argument Jaensch is making, but to the extent that he is arguing that the relevant trait of character must be an essential element of the charge, claim, or defense, this restriction applies only to evidence admitted under Rule 405(b).  Moreover, in the past we have permitted the Government to admit evidence of criminal acts unrelated to dishonesty as such to rebut testimony that a defendant's "reputation is for being a man of honesty [and] law abidingness."  <u>United States v. Wellons</u>, 32 F.3d 117, 120 n.3 (4th Cir. 1994) (internal citations omitted).

sense that it tend[s] to subordinate reason to emotion in the factfinding process.'" United States v. Gray, 405 F.3d 227, 240 (4th Cir. 2005) (quoting United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997)). Jaensch's prior crime is not of the character to inflame the passions of jurors or to cause them to disregard the facts of the case before them. See, e.g., United States v. Basham, 561 F.3d 302, 331 (4th Cir. 2009).

## ii.

Jaensch argues that the district court abused its discretion by excluding, in part, the lay testimony of Brandon Eggleston. Jaensch contends that he sought to introduce this testimony to support his good faith defense and that by excluding it the court deprived him of his Sixth Amendment right to present a defense.

Rule 701 allows a lay witness to testify to an opinion that is "rationally based on the witness's perception," is "not based on ... specialized knowledge within the scope of Rule 702," and is "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Fed. R. Evid. 701(a)-(c). "[U]nlike the expert testimony rule, [Rule 701] permits lay testimony relating to a defendant's hypothetical mental state." United States v. Offill, 666 F.3d 168, 177 (4th Cir. 2011).

Jaensch attempted to elicit testimony from Eggleston concerning Eggleston's perception of Jaensch's sincerity with

15

regard to his beliefs about the tax laws. The district court deemed Eggleston's testimony inadmissible and excluded it, stating that "I think the jury is going to have to decide whether or not they thought the witness is believable. And I don't know that this witness can tell us what he thinks about Mr. Jaensch. He's already told us he thought he was an honest man." J.A. 292.

The district court applied an overly restrictive interpretation of Rule 701. Under Offill, Eggleston was not prohibited from giving his opinion, based on his perceptions, of Jaensch's sincerity if his testimony satisfied the three conditions of Rule 701. Because the district court held that Rule 701 did not permit this kind of testimony, it did not address whether Eggleston's opinion would have been helpful to the jury.

Although the district court's error of law constitutes an abuse of discretion, reversal is unwarranted on this ground because the error was harmless. To find an erroneous evidentiary ruling harmless, "'we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (quoting United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997)).

16

Even if we assume that Eggleston's testimony would have been helpful to the jury in determining the subjective good faith of Jaensch's beliefs, excluding that testimony had no substantial effect on the judgment. Eggleston was permitted to testify to all of the statements Jaensch made to him about Jaensch's beliefs and to his general perceptions of Jaensch's character. Jaensch himself testified,[6] and both his wife and his accountant testified that they believed he held his beliefs sincerely. Based on all of the information available to the jury concerning the sincerity of Jaensch's beliefs, it is clear that the exclusion of Eggleston's opinion was harmless.

IV.

For the foregoing reasons, we vacate Jaensch's conviction as to Count 1. Finding no other prejudicial error, we affirm as to all other counts. The case is remanded for rehearing on

---

[6] Jaensch also argues that the exclusion of Eggleston's testimony forced him to testify in order to establish his good faith defense in violation of his Fifth Amendment right against self-incrimination. This claim is unavailing. Jaensch also argued that he was forced to testify because the district court admitted his previous conviction. The conviction was properly admitted so following Jaensch's own logic he would have testified regardless of the court's decision concerning Eggleston's testimony.

17

Count 1 and for resentencing on all counts following the disposition of Count 1.

<u>VACATED IN PART,</u>
<u>AFFIRMED IN PART, AND</u>
<u>REMANDED WITH INSTRUCTIONS</u>