**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4340**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRELL JAMAR HOUSTON,

Defendant - Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 17-6520)

Decided on Remand: July 26, 2018

Before TRAXLER, AGEE* and WYNN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Ross Richardson, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina,

---

\* Judge Davis participated in the original decision but retired prior to the Supreme Court's remand of the case and was replaced by Judge Agee.

for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrell Jamar Houston entered a conditional guilty plea to possession of a firearm by a convicted felon , *see* 18 U.S.C. § 922(g)(1), reserving the right to appeal the district court's denial of his motion to suppress. The district court sentenced Houston to 37 months' imprisonment. On appeal to this court, we held that the district court properly denied the motion to suppress based on our decision in *United States v. Wellons*, 32 F.3d 117 (4th Cir. 1994). In *Wellons*, we held that a driver of a rental car who is not listed on the rental contract as an authorized driver has no expectation of privacy in the car or containers in the car and that the driver's Fourth Amendment rights therefore were not violated by a warrantless search of the rental car and its contents. *See id.* at 119-20.

In *Byrd v. United States*, 138 S. Ct. 1518 (2018), however, the Supreme Court held that "the mere fact that a driver in lawful possession or control of a rental car is not listed on the rental agreement will not defeat his or her otherwise reasonable expectation of privacy." *Id.* at 1531. Because the Supreme Court's decision in *Byrd* abrogated our decision in *Wellons*, the Court vacated our decision in this case and remanded for reconsideration in light of *Byrd*. Having considered the Supreme Court's decision, we hereby vacate the decision of the district court and remand for further proceedings. The district court should consider the matter *de novo* in light of *Byrd*, and the parties are free to raise any newly relevant issues.

*VACATED AND REMANDED*

3